PEOPLE v JACKIE BROWN

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR.
   The Court of Appeals, when reviewing jury instructions for error, examines the instructions as a whole and not out of context.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—REVERSIBLE ERROR.
   A jury instruction which was an awkward and imprecise statement of the law does not require the reversal of a conviction where the remaining parts of the instructions were without error, the instructions as a whole adequately outlined the applicable law, and the defendant did not object to the instruction at trial.

Appeal from Ingham, James T. Kallman, J. Submitted Division 2 October 16, 1974, at Lansing. (Docket No. 18070.) Decided December 5, 1974.

Jackie D. Brown was convicted of resisting arrest. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lawrence J. Emery,* Assistant Prosecuting Attorney, for the people.

*Reid & Reid, P. C.,* for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and BEBEAU,* JJ.

BEBEAU, J. The defendant, Jackie David Brown, was convicted in a jury trial of resisting arrest,

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error §§ 891–894.
* Circuit judge, sitting on the Court of Appeals by assignment.

MCLA 750.479; MSA 28.747. He appeals as of right.

The defendant was charged with having assaulted a police officer who intervened in an argument he was having with a third party, thus committing the crime of resisting arrest. The defendant contended, however, that the police officer first struck him without provocation and that he then resisted the officer's aggression solely in order to defend himself. At the close of trial the court instructed the jury concerning the elements of the offense, and then stated:

"I further instruct you that the Court of Appeals recognizes the general rule that a person arrested may use reasonable force to protect himself against the use of any force by the police officer than is required to perfect the arrest.

"I further advise you that if in effectuating an arrest, the officer applied excessive or unnecessary force inconsistent with his responsibility and coupled with a use of reasonable force to protect himself, and if in doing so the officer is injured, the criminal offense has been committed."

On appeal the defendant asserts that the court committed error in the second-quoted paragraph by instructing that if the officer was injured, the crime had been committed, even if the officer had used unnecessary or excessive force. While we find the quoted paragraph an awkward and imprecise statement of the law, we do not find it in such error as would require reversal.

The first paragraph above accurately states the law of self-defense and thus instructed on the defendant's theory of the case. The remaining parts of the instructions were without error. In reviewing such instructions, we examine them as a whole, and not out of context. *People v Pearson,* 13

Mich App 371; 164 NW2d 568 (1968). In this case we believe that the instructions adequately outlined the applicable law for the jury and that the questionable instruction merely indicated that an officer may use force reasonably necessary to effectuate an arrest.

Finally, the defendant did not object to the instruction at trial. From this we infer that, as delivered, the instruction did not appear so prejudicial to defense counsel as to rouse him to the aid of his client, and surely defense counsel did not intentionally abstain from an objection so as to provide a basis for appeal if a conviction resulted.

Affirmed.

All concurred.